UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TRAVIS NICODEMUS GRADY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00252-WTL-DLP |
| ) | |
| J.E. KRUEGER Warden, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2241**

Petitioner Travis Nicodemus Grady seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that his counsel was ineffective in advising him regarding his plea agreement, that his plea agreement is not a valid contract, and that he is actually innocent. For the following reasons, his petition is **denied**.

## I. Factual Background

On January 21, 2010, Grady was indicted in the Western District of Virginia with distributing heroin resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *United States v. Grady*, 5:10-cr-00002-GEC-1 (Crim. Dkt.), Dkt. 1. Because the distribution offense had resulted in serious bodily injury, Grady's sentence was subject to the enhancement under § 841(b)(1)(C), which requires a mandatory minimum term of 20 years' imprisonment and a maximum penalty of life. PSR ¶ 64.

On March 25, 2010, the United States and Grady entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Grady agreed to plead guilty to count one. Crim. Dkt. 43, 49. On October 6, 2010, Grady was sentenced to 262 months' imprisonment. Crim.

Dkt. 52, 53. On November 5, 2014, Grady filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 60.

Grady raised several claims in his § 2255 petition. First, he argued that his sentence should not have been enhanced under § 841(b)(1)(C) because the government failed to prove the heroin he distributed met the standard for causation of the victim's injury announced by *United States v. Burrage,* 571 U.S. 204 (2014). Crim. Dkt. 60. Next, Grady argued that his trial counsel was ineffective in two ways: (a) in advising him to plead guilty to the enhancement for serious bodily injury resulting from the distribution of heroin, and (b) in failing to keep his best interest at heart because trial counsel was distracted by personal matters. *Id.* The district court addressed the merits of Grady's claims, dismissed Grady's petition as untimely, and denied a certificate of appealability because Grady failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). *United States v. Grady,* 2015 WL 4773236 (W.D. Va. August 12, 2015). Grady appealed the district court's decision, but the Fourth Circuit denied a certificate of appealability and dismissed Grady's appeal. *United States v. Grady,* 627 F.App'x 193 (4th Cir. 2015). Grady filed a motion for reconsideration, but the district court denied Grady's motion to reopen his prior § 2255 motion. Crim. Dkt. 91, 92.

Following the court's denial to reconsider his § 2255 motion, Grady filed a second § 2255 motion. In his second § 2255, Grady again asserted his *Burrage* and ineffective assistance of counsel claims and argued that his original § 2255 motion was not untimely. Crim. Dkt. 94. The district court found Grady's § 2255 motion to be successive under § 2255(h), denied a certificate of appealability because Grady failed to make a substantial showing of the denial of a constitutional right, and dismissed Grady's motion without prejudice. Crim. Dkt. 96.

Grady then filed the present petition for a writ of habeas corpus. The United States has responded, and Grady has not replied. The petition is now ripe for ruling.

## II. Standard under § 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1124.

The Seventh Circuit construed the savings clause in *In re Davenport* holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second

§ 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586.

### III. Discussion

Grady identifies three grounds for relief under § 2241. Grady argues that he was denied effective assistance of counsel because of his counsel's drug addiction, that his plea agreement was invalid because he received no benefit from it, and the Supreme Court decision in *Burrage* establishes his actual innocence.

A. *Ineffective Assistance of Counsel*

Grady's claim of ineffective assistance of counsel does not satisfy the requirements of the savings clause and therefore cannot be heard in this § 2241 petition.

First, this claim is constitutional, not statutory, and he can, and did, pursue it in a motion for relief pursuant to § 2255. His constitutional claim is therefore not the type of claim that can support relief under § 2241. *See Davis*, 863 F.3d at 964 (explaining that a § 2241 petitioner must rely on a case of statutory interpretation); *see also Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002). Moreover, the fact that Grady did pursue such a claim in his § 2255 motion shows that there was no impediment preventing him from bringing this claim in a § 2255 petition. *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) ("Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence."); *Lurie*, 207 F.3d at 1077-78 (denying § 2241 relief where petitioner "offer[ed] no credible evidence to establish that his claims could not have been brought within the grace period of § 2255").

B. *Burrage*

Grady argues that his sentence should not have been enhanced under § 841(b)(1)(C) because the government failed to prove the heroin he distributed was the but-for cause of the victim's injury as the Supreme Court required in *Burrage*.

In *Burrage*, the Supreme Court held that a sentence enhancement under § 841(b)(1)(C) based on the fact that the victim died or suffered serious bodily harm is not appropriate unless the government shows that the drugs the defendant distributed were the but-for cause of the victim's death or injury. 571 U.S. at 211-18. Grady already brought a claim based on *Burrage* in his § 2255 motion. The sentencing court considered this claim and concluded that the evidence supports Grady's conviction under the but-for causation test required by *Burrage*. *Grady,* 2015 WL 4773236 at *3 (W.D. Va. August 12, 2015). The Fourth Circuit reviewed the district court's decision and concluded that Grady had not made the requisite showing of the denial of a constitutional right, and dismissed Grady's appeal. *Grady,* 627 F.App'x at 194. Grady again argued a *Burrage* claim in his second § 2255 motion, and the district court again denied a certificate of appealability because Grady failed to make a substantial showing of the denial of a constitutional right. Because Grady did present his *Burrage* claim in his § 2255 motion, he cannot bring it in his § 2241 petition. *See Hill,* 695 F.3d at 648.

C. *Plea Agreement*

Finally, Grady argues that his plea agreement is not a valid contract. Again, Grady has presented no argument or evidence to show that he could not have brought such a claim in a § 2255 motion. *Id.* He therefore cannot obtain relief on this claim here.

### IV. Conclusion

As explained in this Order, Grady has failed to establish his entitlement to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is therefore **dismissed with prejudice** pursuant

to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 3/19/2019

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

TRAVIS NICODEMUS GRADY
14361-084
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov